## JAMES DOWD v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Division One, July 1, 1909.

INSTRUCTION: Contributory Negligence. An instruction for the defendant street railway that does not limit the passenger's conduct contributing to his injury to a negligent act, but tells the jury that, notwithstanding defendant's negligence, plaintiff cannot recover "if by his own act or conduct he in any degree directly contributed to his own injury," is error. Under it the jury could not find for plaintiff if he was injured in attempting to get off of the car, though he was in no manner negligent.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas* and *Ben. T. Hardin* for appellant.

(1) The court erred in setting aside the verdict and granting a new trial in this cause, on the ground that instruction 5 was error; said instruction correctly declared the law. Boyd v. Railroad, 105 Mo. 371; Bartley v. Railroad, 148 Mo. 124; Holwerson v. Railroad, 157 Mo. 216; Moore v. Railroad, 176 Mo. 528; Hesselbach v. St. Louis, 179 Mo. 505; Felleny v. Railroad, 106 Mo. App. 154; Ross v. Railroad, 113 Mo. App. 600; Wallack v. Railroad, 123 Mo. App. 160; Green v. Railroad, 211 Mo. 18. (2) There is no allegation that there was any extraordinary or unusual movement of the car; and the testimony of plaintiff himself, and also that of his witnesses, shows that the movements of the car were just the usual and ordinary movements. The case should not have been submitted to the jury; and upon the pleadings and the evidence, the verdict of the jury was for the right party, and, therefore, it was error for the court to set the verdict aside, no difference if the instruction was erroneous. Sullivan v. Railroad, 133 Mo. 1; Bartley v. Railroad, 148 Mo. 124; Holwerson v. Railroad, 157 Mo. 216; Moore v. Railroad, 176 Mo. 129; Wagner v. Edison Co., 177 Mo. 60; Hesselbach v. St. Louis, 179 Mo. 505; Quinn v. Railroad, 218 Mo. 545.

*Boyle, Guthrie, Howell & Smith* for respondent.

The court granted a new trial because of instruction numbered 5, given at the instance of defendant, because the court had therein instructed the jury in the last sentence of such instruction that plaintiff could not recover "if he by his own act or conduct in any degree directly contributed to his own injury." This instruction did not limit the act of plaintiff contributing to the injury to a negligent act, but absolved defendant if any act of plaintiff, negligent or otherwise, directly contributed to the injury. Of course, the acts

of plaintiff directly contributed to the injury. Under this instruction, there was but one possible verdict, a verdict for defendant.

WOODSON, J.—This suit was brought by plaintiff in the circuit court of .Jackson county, for the purpose of recovering $5,000 damages for personal injuries sustained by him in consequence of the alleged negligence of defendant in suddenly starting its car forward while he was in the act of alighting therefrom, and thereby throwing him with great force and violence to the ground and inflicting the injuries complained of.

The trial resulted in a verdict and judgment for defendant, and the motion for a new trial was sustained by the court for the reason assigned—that it erred in giving for defendant instruction numbered five. From the order of the court granting the new trial, the defendant properly appealed.

The evidence for plaintiff tended to show that he was a passenger upon the car in question; that when it neared his destination he signaled the conductor of his intention to alight, and walked to the steps of the car, holding to the railing; and that while in the act of alighting the car suddenly, without warning, made a quick forward movement and a lurch to the side, thereby throwing him to the ground and injuring him.

The evidence for defendant contradicted that of plaintiff, and tended to show contributory negligence on the part of plaintiff.

The issues were submitted to the jury under the instructions of the court, none of which are complained of excepting said instruction numbered 5, which reads as follows:

"5. You are further instructed that in this case, the mere fact, if true, that plaintiff was injured by falling from a car of defendant, gives him no right to sue defendant and recover damages. Before, under

any circumstances, plaintiff is entitled to a verdict, you must believe and find from the greater weight of all the credible evidence in the case that his injury was actually caused by the negligence of the defendant's servants as he has specified in his petition and in the manner submitted to your consideration. If his injuries were not actually caused by such specified negligence, then he has no case and cannot recover, even if he did fall while getting off of the car and was injured thereby. But even if you should find that he was injured by such negligence, still the plaintiff cannot recover if he by his own act or conduct in any degree directly contributed to his own injury.''

I. There is but a single question presented by this record, and it challenges the correctness of instruction numbered five given for the appellant. Counsel for respondent contends that said instruction did not properly declare the law applicable to the facts of the case, and for that reason it should not have been given, and consequently, the court properly granted a new trial because of its error in giving it. Upon the other hand, counsel for appellant insist that said instruction properly stated the law to the jury, and that there was no error in giving it, consequently the court erred in granting a new trial for the reason assigned.

Clearly, that instruction did not correctly declare the law. The last clause thereof told the jury that plaintiff could not ''recover if he by his own act or conduct in any degree directly contributed to his own injury.''

It will be observed by reading the instruction that it did not limit the act or conduct of respondent contributing to his injury to a negligent act, but absolved appellant from all liability if any act of respondent, whether negligent or otherwise, directly contributed to his injury.

Under this instruction the jury could very properly have found for the defendant, simply because he walked to the steps of the car while it was in motion, and that, too, without first finding that his conduct in that regard was negligence on his part. The last clause of this instruction differentiates it from all of those given in the cases cited by counsel for appellant and relied upon as sustaining their contention in this case.

We are, therefore, of the opinion that the court did not err in granting a new trial.

The judgment is affirmed.

All concur, except *Valliant, J.*, absent.